## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KEVIN ROBERT STERLING**                                          **CIVIL ACTION**

**VERSUS**                                                          **NUMBER: 23-44**

**PLAQUEMINES PARISH DETENTION CENTER,**          **SECTION: "G"(5)**
**RAKEEME ROGERS**

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Kevin Robert Sterling, against Defendants, the Plaquemines Parish Detention Center and Rakeeme Rogers. (Rec. doc. 1, pp. 1, 4). Plaintiff, an inmate of Plaquemines Parish Detention Center since January 2022, complains that he is a pretrial detainee who was improperly housed in the same dorm with federal inmates. He alleges that he was stabbed by a federal inmate, given a tetanus shot in medical, and then sentenced to disciplinary solitary for 10 days. He also alleges that he was denied mental health and pain management treatment while in custody. (*Id*. at pp. 5-6). Plaintiff seeks monetary compensation. (*Id.* at p. 6).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c). Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff has sued an individual named Rakeeme Rogers, presumably the federal inmate who attacked him. A Section 1983 action is proper only against persons who acted under color of state law to deprive another of his constitutional rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). To state a claim under Section 1983, the alleged constitutional violation must be committed by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Thus, generally, a private individual does not act under color of state law and is not a state actor for purposes of liability under Section 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors ..."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same). Sterling has not alleged any grounds to show that Rakeeme Rogers acted under color of state law. Accordingly, for the reasons expressed, his claim against Rakeeme Rogers should be dismissed.

Plaintiff has also named Plaquemines Parish Detention Center as a Defendant in this case. However, a jail is "merely a building, not a 'person' subject to suit under 42 U.S.C. §1983." *Mitchell v. Jefferson Parish Correctional Center*, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); *accord Culbertson v. J.P.S.O.*, Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017); *Stamps v. Jefferson Parish Correctional Center*, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), *adopted*,

2012 WL 3027945 (E.D. La. July 24, 2012); *Castellanos v. Jefferson Parish Correctional Center*, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008). Therefore, on that basis, the claims asserted against the Plaquemines Parish Detention Center should be dismissed with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Kevin Sterling's suit be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 7th day of February, 2023.

                MICHAEL B. NORTH
           UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.